*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHAWN MCINTOSH,

       Plaintiff,

and

MICHIGAN INSTITUTE OF PAIN AND
HEADACHE, P.C., doing business as METRO
PAIN CLINIC,

       Intervening Plaintiff-Appellant,

v

ENTERPRISE LEASING COMPANY OF
DETROIT,

       Defendant-Appellee.

UNPUBLISHED
February 4, 2020

No. 344607
Wayne Circuit Court
LC No. 17-000095-NF

SHAWN MCINTOSH,

       Plaintiff-Appellant,

and

MICHIGAN INSTITUTE OF PAIN AND
HEADACHE, P.C., doing business as METRO
PAIN CLINIC,

       Intervening Plaintiff,

v

ENTERPRISE LEASING COMPANY OF
DETROIT,

       Defendant-Appellee.

No. 344833
Wayne Circuit Court
LC No. 17-000095-NF

-1-

GENIE THERAPY, LLC,

       Plaintiff,

and

SHAWN MCINTOSH,

       Intervening Plaintiff-Appellant,

v

ENTERPRISE LEASING COMPANY OF
DETROIT,

       Defendant-Appellee.

No. 344882
Wayne Circuit Court
LC No. 16-017213-NF

---

Before:  K. F. KELLY, P.J., and BORRELLO and SERVITTO, JJ.

BORRELLO, J. (*CONCURRING IN PART AND DISSENTING IN PART*).

My colleagues in the majority have set forth the salient facts and applicable standards of review in matters such as those presented in this case. As to my colleagues' analysis and conclusions regarding the trial court's application of the one-year back rule, MCL 500.3145, I concur in their analysis as well as their legal conclusions, hence I join in that portion of the majority opinion. Where we part company is on the issue of whether the trial court properly granted summary disposition pursuant to MCR 2.116(C)(10). Because I conclude the trial court erroneously engaged in weighing the evidence and credibility of the testimony when deciding that plaintiff had engaged in fraud, I would reverse the trial court and remand the matter to allow the trier of fact to settle the factual disputes presented in this record. Hence, I respectfully dissent from that portion of the majority opinion.

Here, there was deposition testimony from plaintiff's half-sister, Shawntia Brown, that plaintiff staged or participated in staging the accident, and that plaintiff lied or exaggerated about the nature and extent of his injuries. This testimony seems to have captured the full attention of the trial court. And for good reason, it is compelling, incriminatory testimony against plaintiff. The type of testimony, if believed, should lead to a finding of fraud committed by plaintiff. The problem of course is that the trial court deciding that Brown's testimony was believable—to the exclusion of all other contrary testimony and documentation—constituted legal error.

Brown's deposition testimony, as the majority correctly asserts, suggested that plaintiff's cousin, Eric White, admitted to Brown that plaintiff and he had staged the accident. Additionally, Brown testified that the impact was slight, barely causing any damage to her rental car. She also testified that she never saw plaintiff's alleged care giver at her home where plaintiff admittedly stayed. Brown also testified that plaintiff exaggerated his injuries, if not out right lying about them

as she reports that plaintiff never wore his cervical collar unless going out in public and seemed otherwise normally healthy to her. In addition, defendant Enterprise asserts that the care giver's records are all the same; she performed the same services, the same hours each and every time she filled out a time sheet. Such uniformity of records Enterprise argues, is definitive proof of fraud. The claims adjuster for Enterprise also questioned whether the accident had occurred and commissioned an independent medical examination[1]which found that plaintiff's injuries, if they ever existed, were cured. On this record, the trial court held, and the majority agrees, no questions of fact exist that plaintiff committed fraud and dismissed his case.

This Court reviews de novo a ruling on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012) "A motion under MCR 2.116 (C)(10)…tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich. 152, 160; 934 N.W.2d 665 (2019). "A motion brought under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id.* "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id.* (citation and quotation marks omitted). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties . . . in the light most favorable to the party opposing the motion." *Sprague v Farmers Ins Exchange*, 251 Mich App 260, 264; 650 NW2d 374 (2002) (citation and quotation marks omitted). With respect to a motion for summary disposition brought pursuant to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), set forth the governing principles, stating:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.] *Hastings Mut Ins Co v Grange Ins Co,* 319 Mich App 579, 583-584; 903 NW2d 400 (2017).

---

[1] In the vernacular of insurance companies, an independent medical examination is a medical exam where the doctor is selected and paid for by the insurance company. Our continuing attachment of the label "independent" relative to this type of medical exam, by a profession which increasingly stresses seismographic sensitivity to language, seems, at best, dubious.

Here, the trial court determined Brown credible and accordingly granted summary disposition against plaintiff. It is unclear whether the trial court found that defendant had faked the accident or his injury, or both, what is abundantly clear is that the trial court believed the testimony of Brown to the exclusion of all contrary evidence.

However, a review of the record in its entirety reveals that questions of fact abound. Brown, who was accusing her half-brother of fraud, herself admitted that she had engaged in fraud against Enterprise. Brown testified that she had become friendly with the leasing clerk at Enterprise, and after the accident, in an effort to cover up any damage, waited for a foul weather day to extend the lease and parked the vehicle in such a manner so that the leasing clerk could not see any of the damage. This, at a minimum, calls into question Brown's credibility. As to White's somewhat vague assertion or assertions that the accident was staged, no one has taken White's deposition, and as against plaintiff, it is highly doubtful that his statement---to the extent White could be found to have made a statement against Brown would be admissible evidence. It is important to note that plaintiff disputed Brown's assertions against him relative to having concocted or staged the accident.

As to Enterprise's reliance on their "independent" medical exam, there was conflicting evidence from some of the medical providers and plaintiff as to injuries suffered by plaintiff. Equally questionable is the assertion of Enterprise that the records of the care giver provide prima facie evidence of fraud. Similar to White, Enterprise has yet to take the deposition of plaintiff's care giver, though at oral argument, counsel for Enterprise stated that Enterprise had been unable to locate her. While the uniformity of the records can create questions of fact relative to several issues, they are not, by any standard, conclusive proof of fraud. Again, because we do not have the testimony of the care giver, Enterprise invites this Court to engage in conjecture by assigning a fraudulent intent to records based solely on their uniformity. It could be equally true that uniformity was suggested, or maybe demanded by the insurance company or an agent thereof, the point being that we can assign any number of motives and reasons for their uniformity.

My review of the record in the light most favorable to plaintiff, *Sprague*, 251 Mich App at 264, leads me to conclude that the trial court made credibility determinations in deciding that plaintiff had committed fraud. The trial court's decision to grant summary disposition was guided solely by the testimony of Brown. In so doing, the trial court erred by deciding that Brown's deposition testimony was more credible and worth more evidentiary weight than the any of the evidence offered by plaintiff. It is well-settled that in deciding a motion brought under MCR 2.116(C)(10) the trial court may not make credibility determinations and weigh evidence. *Hastings Mut Ins Co,* 319 Mich App at 583-584. Because that is precisely what the trial court did here, I respectfully dissent from that portion of the opinion affirming the trial court's grant of summary disposition.

/s/ Stephen L. Borrello